## BRYANT *v.* THE POUGHKEEPSIE MUTUAL INSURANCE COMPANY.

The insurance of the stock in trade of the insured as a manufacturer of brass clock works, is a license to him to use and keep on hand all such articles as are necessary and ordinarily employed in that manufacture, although the use or keeping of such articles be prohibited by the printed terms of the policy as extra hazardous.

APPEAL from the Supreme Court. The action was upon a policy whereby the defendant insured the plaintiff "against loss or damage by fire, to the amount of $1,000 on his stock in trade, as a manufacturer of brass clock works." The defence was that the plaintiff, in violation of the conditions of the policy, used and kept saltpetre, turpentine and other combustible fluids and materials in the building containing the goods and merchandise insured, without the special consent of the defendants or their agent, in writing on the policy. At the trial before Mr. Justice CLERKE and a jury,

---

Bryant *v.* The Poughkeepsie Mutual Insurance Company.

at the New-York circuit, the plaintiff had a verdict, upon which judgment was entered, which on appeal, was affirmed by the Supreme Court at general term in the first district. The defendant appealed to this court.

*Leonard Maison*, for the appellant.

*Nicholas Hill*, for the respondent.

PRATT, J.   The policy in this case was upon the stock in trade of the plaintiff as a manufacturer of brass clock works.   The provisions of the policy were substantially the same as those in the case of *Harpers* v. *The Mutual Insurance Company of the City and County of Albany* (*ante*).  "Saltpetre, camphene, burning fluid, spirit gas and all other combustible and explosive fluids and materials are expressly prohibited from being deposited, stored, used or kept in any building insured, or containing any goods or merchandise insured by this policy, unless by special consent in writing on the policy, otherwise the policy is to be null and void."

The proof showed that turpentine was used for cleaning the works; that alcohol was used in making a mixture called lacker, which was also used in the business, and that saltpetre was used in small quantities in making a dipping acid. Evidence was given tending to show that these materials were necessary, and ordinarily used in the business.

The defendant took exceptions to the admission of this testimony, insisting that saltpetre and spirits of turpentine were prohibited from being used by the terms of the policy, whether necessary or not, and that is the point now presented to the court.   The case does not show which part of the policy was printed, if any, nor which written, but we have the right to assume that the policy was filled up from a printed blank in the usual form.

Assuming that, the case presents precisely the same point which is discussed in the case of *Harpers* v. *The Mutual*

*Insurance Company of the City and County of Albany (supra),* in the second point in the opinion in that case.

It is therefore unnecessary to repeat, but I refer to that case for the reasons why the judgment in this case should be affirmed.

All the judges concurring,

Judgment affirmed.