THE PEOPLE and SOLOMON S. HOMMELL *v.* SILAS SAXTON.

The decision of inspectors of election, rejecting a ballot as designating the names of two persons for a single office, is not conclusive, but, upon *quo warranto,* the question as to the voter's intention is open to inquiry by the jury.

The evidence of the voter as to his mental purpose in depositing the ballot, is not admissible; but his intention is to be inferred from his acts.

The writing of a name upon a printed ballot in connection with the title of an office, is a designation for that office of the name so written, although the printed name for which it is intended as a substitute be not erased. The writing prevails over the printed letters as the highest evidence of the voter's intention.

APPEAL from the Supreme Court. Action in the nature of *quo warranto*, to determine the title of the defendant to the office of clerk of Ulster county, to which, by the certificate of the county canvassers, he had been declared to have been elected by a plurality of one vote, at the general election in November, 1858. Upon the trial before Mr. Justice WRIGHT, at the Ulster Circuit, these facts appeared:

There were three candidates for the office of county clerk, who received nearly all the votes cast, viz., the defendant Saxton, the plaintiff Hommell, and one Cornelius Burhans. It was proved, on the part of the defendant, that there were six ballots, deposited by voters in different election districts, which were rejected by the respective inspectors, on the ground that they contained two names for the office of county clerk. If these ought to have been allowed to the defendant, he was elected. The ballots in question were of this character: Two of them had Hommell's name printed on the ticket, and the name Silas written at the beginning, and Saxton at the end of the printed name of Hommell, thus: *Silas* Solomon S. Hommell *Saxton*. On one of them, the printed name was not erased at all; on the other, the written name *Silas* lapped over and upon the printed name Solomon. Upon another, the name *Silas Saxton* was written upon and over the printed letters of Hommell's name, which were not otherwise obliterated or defaced. Another had the name of Burhans printed upon the ticket, with the name Silas written before, and Saxton after it, thus: *Silas* Cornelius Burhans *Saxton*. In respect to one of these ballots, the voter by whom it was cast testified without objection that he intended thereby to vote for Saxton. The ballot was then produced to and identified by the witness. The plaintiff thereupon moved to strike out the testimony as to his intention. The motion was denied, and the plaintiff took an exception.

The judge charged the jury that the decision of the inspectors of election, that there were two names on each of these ballots, was not conclusive. It was for the jury to say, from the evidence, whether these ballots, or any of them, designated

one name or two names for the office of county clerk, and if they came to the conclusion that any, or all of them, had but one name for the office of county clerk, then it was also competent for the jury to find, from the evidence, whether all or any of the ballots were intended for the defendant, and if such was the intention of the voter or voters, to give effect to such intention by allowing the same to the defendant. The plaintiff excepted to each of the propositions in this charge. The verdict was for the defendant, and the judgment in his favor having been affirmed at general term in the third district, the plaintiff appealed to this court.

*Lyman Tremain*, for the appellants.

*E. Cooke*, for the respondent.

WELLES and SELDEN, Js., delivered opinions in favor of affirming the judgment, and discussing at length several exceptions taken at the trial. They are not reported, for the reason that the court, after considering them, put its judgment, all the judges concurring, upon this ground: The intention of the voter is to be inferred, not from evidence given by him of the mental purpose with which he deposited his ballot, or his notions of the legal effect of what it contained or omitted, but by a reasonable construction of his acts. His writing a name upon a ballot in connection with the title of an office, is such a designation of the name for that office as to satisfy the statute, although he omits to strike out a name printed upon it in connection with the same office. The writing is to prevail as the highest evidence of his intention. The judge ought to have charged the jury, as a matter of law, that they were bound to find the fact accordingly from the face of the ballot itself. The jury in this case having found in accordance with what would have been a proper direction, the verdict must stand.

Judgment affirmed.