SALLES *et al. v.* BUTLER *et al.*

An order of the Supreme Court, refusing permission to appeal from a judgment, after the statutory time for appealing had expired, is not appealable to this court.

MOTION to dismiss appeal. On the 26th September, 1862, judgment was entered in the action against the defendants, and notice of such judgment was given in writing to the defendants and their attorney, on the 9th October, 1862. On the 6th December, 1862, the defendants' attorney served notice of appeal from the judgment, which notice was immediately returned to him, with the objection thereon indorsed, that the defendants' time to take an appeal had expired.

On the 8th October, 1862, the plaintiffs' attorney gave a stipulation, in writing, to the effect that the defendants, or any of them, might have sixty days from the date thereof to file and serve exceptions, and to serve case or bill of exceptions. On the 6th December, 1862, the defendant Butler served case and exceptions, with notice of appeal.

On the 18th February, 1863, the defendant Butler moved, at a special term of the Supreme Court, for an order staying proceedings on the part of the plaintiffs, and for leave to serve an appeal from said judgment to the general term; which motion was denied, on the ground that the court had no power in the premises, the time in which to appeal having expired. The defendant appealed from the last mentioned order to the general term, and on the second Tuesday of July, 1863, the general term affirmed the order.

On the 7th August, 1863, the defendant served notice of appeal from the order made at general term to this court.

The plaintiffs' attorney now moves to dismiss the appeal, on the ground that the order is not appealable to this court.

*J. H. Reynolds,* for the plaintiffs.

*J. K. Porter,* for the defendants.

Salles *v.* Butler.

WRIGHT, J. The statute prescribes the manner and the time in which an appeal may be taken to the general term, from a judgment. It is to be made by the service of a notice, in writing, on the adverse party, and on the clerk with whom the judgment appealed from is entered, stating the appeal from the same, or some special part thereof. (Code, § 327.) And the appeal must be taken within thirty days after written notice of the judgment shall have been given to the party appealing. (Code, § 332.)

In this case written notice of the judgment was given to the defendants, on the 9th October, 1862, and no steps were taken to appeal from the judgment, for fifty-eight days thereafter. On the 6th December, 1862, the notice of appeal prescribed by the statute was served on the plaintiff's attorney, who immediately returned the same, with the objection that the time for appealing had expired. The judge, at special term, was, therefore, right in denying the motion for leave to bring an appeal, on the ground that the court was without power to grant it. The court had no power to extend the period, or allow an appeal when the time had been suffered to expire. When the statute fixes a period of time in which an appeal may be taken, the Supreme Court cannot lawfully extend the statute time. (*Humphrey* v. *Chamberlain*, 1 Kern., 274; *Wart* v. *Van Allen*, 22 N. Y., 309.) On the merits, then, the order was clearly right.

But the question directly presented is whether an appeal will lie to this court, from the order. The Code allows appeals in three classes of orders: 1st. When the order affects a substantial right, and in effect determines the action and prevents a judgment from which an appeal might be taken; 2d. When the order grants or refuses a new trial; and 3d, A final order affecting a substantial right made in a special proceeding upon a summary application in an action after judgment. (Code, § 11.) The order in question does not fall within either of these classes. It certainly cannot be claimed to fall within either of them, unless it be the latter. Denying leave to bring an appeal after the statute period for appealing has expired, is not

"a final order upon a summary application in an action after judgment" within the meaning of the Code. As was said in *Humphrey* v. *Chamberlain:* "Reading the sentence in connection with the other parts of the section, it is evident that it contemplates a proceeding based upon the judgment, and which assumes its validity, and this is the construction which has been put upon it by this court." (*Sherman* v. *Fell,* 2 Comst., 186; *Dunlop* v. *Edwards,* 3 Comst., 341.)

I think the appeal should be dismissed.

Ordered accordingly.