McAdam, J.
As to the legal effect of a ballot containing two names for one office, there is an apparent confusion in the books, which, however, on examination, is readily cleared up. Paine, in his work on Elections (section 554), says:
“ Suppose three persons to be voted for, when only two can be elected. What is the choice of the elector in such a case ? It is manifestly impossible to determine. Insertion in the ballot of a single name more than ought to be on it renders it as uncertain as though twenty were inserted. The result is that such a ballot is void for uncertainty. It fails to express the choice of the elector, and consequently cannot be counted as a vote. It is true that such a ballot furnishes evidence that there was an elector present at the election who attempted to vote. But that is not sufficient. The majority required to elect is not of those who vote and attempt to vote, but it is a majority of the legal votes. And in order to be counted as a vote, the ballot must express intelligibly the choice of the voter respecting the matter to be voted on.”
In harmony with the views of this author there are cases which hold that where, under one office, appear more names than persons to be elected for that office, the ballot cannot be counted for any of them. People v. Loomis, 8 Wend, 396; People v. Ames, 19 How. Prac. 551; People v. Cook, 8 N. Y. 67; Attorney Generat v. Ely, 4 Wis. 420 ; State v. Griffey, 5 Neb. 161; State v. Tierney, 23 Wis. 430; People v. Seaman, 5 Denio, 409; Election of School Directors, 6 Phila. 437; 6 Am. & Eng. Enc. Law, 345. Some of the cases were decided upon the peculiar phraseology of prevailing statutes and in determining their value that discriminating feature must always be kept in mind. Newton v. Newell, 26 Minn. 529. In all, the names voted appear upon the printed ballot. Here the relator’s name was written under the printed name of Pang-burn, and this circumstance presents another feature which distinguishes this case from those cited. It is the settled law of our state that where there is a printed name upon a ballot, and a name written under it, without erasing the printed name, it will *430 be presumed that there was a failure to erase the printed name by inadvertence; and, in the absence of a statute requiring the vote to be rejected, it will be counted as a vote for the written name. People v. Saxton, 22 N. Y. 309 ; Wallace v. McKinley (1st Sess.) House Rep. 48th Cong. No. 1548; Campbell v. Morey, id. No. 1845. This proceeds upon the theory that the intention of the voter should in every instance-prevail, and that a person taking the pains to write the name of a candidate, where there is but one office, must be taken to have clearly expressed his preference, and such a ballot indicates a plain intention to substitute the written for the printed name as the voter’s choice. This construction seems to be the prevailing one, within the well-established rule that where there is any repugnancy between the written and printed portions of an instrument the written portion is to prevail over that which is printed. Delonguemare v. Insurance Co., 2 Hall, 589 ; Weisser v, Maitland, 3 Sandf. 318 ; Harper v. Insurance Co., 17 N. Y. 194; Benedict v. Insurance Co., 31 id. 389; Clark v. Woodruff, 83 id. 518; Hutt v. Zimmer, 78 Hun, 23; 60 St. Rep. 493. In Blockley Election, 2 Pars. Eq. Cas. 534, a contrary view was held, because the statute of Pennsylvania declared that a ballot containing two names for one office should be void, whether such names were printed or written thereon. A somewhat similar ruling was made under the statute of Minnesota, which declares such a ballot to be void (Newton v. Newell, supra), and this upon the theory that an effective intention cannot be inferred from a void act. But, in the absence of a statute declaring such a ballot void, the rule laid down in People v. Saxton, supra, controls. And where there appears to be a doubt whether the person intended to vote for two persons, or to substitute one name for the other, it becomes a question to be determined by the court from the circumstances of the case and the appearance of the ballot. People v. Love, 63 Barb. 535. The intention of the voter must be ascertained from the ballot, for if the elector should deposit the vote, and swear, ever so strongly that he intended it to be for a particular candidate, it could not be allowed to him, unless it appeared, upon other competent evidence, that his name was actually written or printed upon it. People v. Pease, 27 N. Y., at page 84.
The election here was at a meeting of the Coal Exchange, a private corporation, incorporated under the laws of this state, and neither the statute under which it was incorporated nor the bylaws enacted by the corporation itself .make the ballots containing the printed and written names void; hence they are valid under the controlling authorities, and the relator was duly elected. The tellers acted conscientiously; and in the belief that the two ballots were void, and neither candidate had the majority of votes required by the by-laws, the members, by direction of the chairman, proceeded to a new ballot. No objection was made to this course. The relator apparently acquiesced in it by again presenting himself as a candidate, and, although defeated on the second ballot, he claims title under the first. This might perhaps estop the relator if it were a private controversy between him and the defendant; but the state is a party, and the relator’s acts cannot. *431 estop it from. Having the validity of the election dependent upon the first ballot determined. It might have been as well to allow the corporation to run the election in its own way, so long as the members were satisfied; but the state, by virtue of its prerogative, has interfered, and the question must therefore be decided according to legal principles. If the state succeeds, it is because the defendant was not duly elected, and it must necessarily follow that the relator is entitled to the office.
The people are, therefore, entitled to judgment of ouster, and the relator to judgment for the possession of the office with its emoluments.