O’BRIEN, J.
It is not disputed but that, if these two ballots were defective, the ruling of the chairman that there had been no-election for secretary was right, because, in that event, neither of the candidates had received a majority vote of the members present and voting, as required by the by-laws. The crucial question,, therefore, is, were these ballots defective ?
The respondent contends that they were not, and in support of such contention cites the case of People v. Saxton, 22 N. Y. 310, which was followed in People v. Love, 63 Barb. 535. In the Saxton Case, there were three candidates for the office of county clerk, who were to be voted for- upon separate printed ballots-Upon the printed ballots containing the names of the other candidates the name of Saxton appeared in writing. It was therein held, in regard to the intention of the voter, as to whether such a ballot should be counted in favor of the written or the printed name, that “ writing a name upon a ballot in connection with the title of *713 an office is such a designation of the name for that office as to satisfy the statute, although he omits to strike out a name printed, upon it in connection with the same office. The writing is to prevail as the highest evidence of his intention.” This is but another application of the well-settled rule that, where there is any repugnancy between the written and printed portions of an instrument, the written portion is to prevail over that which is printed. And where, as in that case, upon a ballot which contained the name of another candidate, a person wrote the name of the candidate Sax-ton, erasing the printed name, there was no difficulty in getting at what was the intention of the voter.
That case, however, is clearly distinguishable from the one at bar. Here the nominations first made were all printed, and other nominations were permissible upon the day of the election ; and,, the relator having been presented’for the office of secretary, the direction of the president was that his name should then be written on the ballot which contained the printed names of all the other candidates; and, with a view of having all the ballots SO' arranged before they were cast for any candidate, a recess was ordered, and a direction by the chairman made as to the manner of making up the ballot. It is true that some of the members neglected to complete the ballots by writing in the name of Thorn" but the effect of this upon the validity of such ballots, when cast,, . we are not called upon to determine. The by-laws provide that the “ mode of taking a vote or ballot on any question shall be in such rnannef as the meeting shall decide.” And the acquiescence, of members in the direction of the president as to the manner in which the ballots were to be prepared before proceeding to an election must be regarded, in the absence of any other action by the meeting, as controlling. Be that as it may, however, the great majority of those present and voting proceeded to comply with the directions of the president by placing, in writing, under the printed name of the defendant, the name of the relator; and when the ballots were thus all prepared, as is shown by the result, many who desired to vote for Pangburn emsed the name of Thorn written upon the ballot, and many who desired to vote for Thorn erased the printed name of Pangburn. On the two ballots in question both names appear, without either being erased; and, as there was no means of determining for whom these were intended, we think the inspectors of election were right in holding that they were defective, and should not be counted.
The distinction between the Saxton Case and this is clear. In the former, the writing of the name raised the presumption that it was the voter’s intention to vote for the man whose name he wrote upon the ballot, and it was the only means by which he could indicate such choice, while here the voter was directed to write the name of Thorn on the printed ballot before he could make his choice. In the Saxton Case "the voter designated his choice by writing a name, while in this case he could only designate his choice by striking out a name. Under such circumstances, therefore, the mere writing of a name upon the ballot underneath the *714 printed name for the same office could raise no presumption thafÜ the person writing it intended to vote for the one whose name appeared thereon in writing, as against the person whose name was printed. After both names were on the ballot, the choice of the voter was to be indicated by crossing out the one for whom he did not intend to vote. Unless this were done, there was nothing to indicate the voter’s choice. It was .error, therefore, to hold, upon the facts here appearing, that the written name took any precedence over the printed one. We think the inspectors were right in holding that the persons casting the disputed ballots had, under the mode prescribed, failed to indicate their choice.
The judgment appealed from should be reversed, and there .should be judgment in favor of the defendant, dismissing the complaint, with costs.
All concur.