THE STATE EX REL. BLODGETT, Appellant, vs. EAGAN, Respondent.

*September 25 — October 21, 1902.*

*Elections: Town officers: Ballots: Written and printed names.*

1. Under sec. 799, Stats. 1898 (providing that in the election of town officers, etc., each elector shall deliver to one of the inspectors "a single ballot on which shall be written or printed the names of all the persons voted for by such elector, . . . and no ballot shall contain a greater number of names designated for any office than there are persons to be chosen at such election to fill such office"), a ballot on which a name has been written opposite a printed name thereon, without erasing the latter, is not void but should be counted in favor of the person whose name is so written.

2. A ballot bearing a surname without given name or initials is valid where there is only one candidate of that name for the office.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

At the April election, 1902, in the town of Brookfield, Waukesha county, Wisconsin, the relator and the defendant were rival candidates for the office of assessor. At such election the defendant received 153 undisputed ballots, and the relator 152. There were two ballots upon which the name of the defendant was printed, upon one of which the name "*H. Blodgett*" was written in pencil opposite the printed name of defendant, and upon the other the name "*Blodgett*" was so written, but the printed name of *Eagan* was not crossed out or erased. The canvassers rejected both ballots as invalid, and declared the defendant duly elected. The relator brought this proceeding to test the right of defendant to such office. The trial court found the facts as stated, and in addition that it was the intention of the respective voters who cast said two rejected ballots to vote for the relator. His conclusions of law were that both said ballots were void, under sec. 799, Stats. 1898, and that the intention of the voter could not prevail over the provisions of the statute. Judgment was entered confirming defendant's title to said office, and for costs against the relator. The latter brings this appeal.

The cause was submitted for the appellant on the brief of *Tullar & Lockney,* and for the respondent on that of *D. J. Hemlock.*

BARDEEN, J.   Sec. 799, Stats. 1898, is as follows:

"In the election of town officers and justices of the peace to be chosen by ballot at town meetings each elector shall publicly at the poll deliver to one of the inspectors of such election a single ballot on which shall be written or printed the names of all the persons voted for by such elector, with a pertinent designation of the respective office which each person so voted for may be intended to fill; *and no ballot shall contain a greater number of names designated for any office than there are persons to be chosen at such election to fill such office;* and such ballots shall be received, deposited in the ballot-box and kept as is required at a general election."

The trial court was of opinion that this section prescribed the form of the ballot to be used at town elections, and that the ballots which contained the name of the defendant printed thereon and of the relator written thereon were thereby rendered void, notwithstanding it was the intention of the voters, as disclosed by their ballots, to vote for the relator. It will be observed that the statute contains no direction as to the disposition of ballots offending against its provisions, or any declaration as to the legal effect of such ballots. In a number of the cases relied on by the defendant the statute was that, "if more persons are designated for any office than there are candidates to be elected, . . . *such part of the ticket shall not be counted for either of the candidates.*" This was held to be mandatory in *Kreitz v. Behrensmeyer,* 125 Ill. 141, 17 N. E. 232, and *Blankinship v. Israel,* 132 Ill. 514, 24 N. E. 615, and the ballots so offending could not be counted for either party. Such, also, was the ruling in Minnesota under a similar statute. *Newton v. Newell,* 26 Minn. 529, 6 N. W. 346. In Nebraska the statute declared that the excess of names "shall be deemed fraudulent as to the whole of the names for that office," and the court held the ballot void; remarking, however, that, where there was no statute making fraudulent a ballot containing excessive names, "the rule seems to be that where a ballot contains a printed name for an office, but not erased, and another name is written for the same office, to count the written name, as it expresses the voter's intention." *State ex rel. Stearns v. Foxworthy,* 29 Neb. 341, 45 N. W. 633. None of the cases cited by defendant are in point on the exact question here presented.

Early in the history of this state the doctrine was announced:

"That the intention of the elector is generally to control in determining for what person or what proposition a ballot should be counted, and that, when this intention is not mani-

fest from a bare inspection of the ballot itself, facts and circumstances of a public character connected with the election are sometimes resorted to for the purpose of ascertaining the intention of the elector; in other words, that the ballot, like a contract, may be read in the light of surrounding circumstances, in order more perfectly to understand the intention and meaning of the voter." *State ex rel. Spaulding v. Elwood,* 12 Wis. 551.

The duty of the courts to give effect to the real will of the voters was further emphasized in the recent case of *State ex rel. Schuetz v. Luy,* 103 Wis. 524, 79 N. W. 776. The doctrine of all the cases is that the intention of the voter, as gathered from the ballot itself, or from surrounding circumstances of a public character, is to control. Ballots which fairly and reasonably indicate the real intention of the elector are to be counted as cast, unless to do so runs counter to some statutory enactment. McCrary, Elections, § 543, discusses the rule as follows:

"It very often happens that the printed ticket is changed by the voter by erasing some part of it, or by writing on the face of it, or by both, to make it conform to his wishes. A ballot is to be construed in the same way as any other written or printed document, and the construction must be such as to give effect to the voter's intention, if that can be ascertained from the face of the ballot, or, in some cases, as we have seen, from the ballot as explained by evidence *aliunde.* If, therefore, a voter has *written* upon his ballot the name of a particular person in connection with the title of an office, and omits to strike out the name of another person *printed* upon it in connection with the same office, the writing must prevail, and the vote must be counted for the person whose name is written. This is upon the ground that the writing is the highest evidence of the voter's intention."

Sec. 8, tit. IV, ch. 6, 1 R. S. N. Y. 1859 (5th ed.) p. 427, is almost precisely, as to words of prohibition, as our sec. 799. In a case involving the same question as is raised in this case, the court of appeals, in *People v. Saxton,* 22 N. Y. 309, said:

"The intention of the voter is to be inferred, not from evidence given by him of the mental purpose with which he deposited his ballot, or his notions of the legal effect of what it contained or omitted, but by a reasonable construction of his acts. His writing a name upon a ballot in connection with the title of office is such a designation of the name for that office as to satisfy the statute, although he omits to strike out a name printed upon it in connection with the same office. The writing is to prevail as the highest evidence of his intention."

. This case was followed in *People ex rel. Gregory v. Love,* 63 Barb. 535, and somewhat discussed in *People ex rel. Thorn v. Pangburn* (Sup.) 38 N. Y. Supp. 217. The supreme court of Iowa expressly approves the *Saxton Case* in *Brown v. McCollum,* 76 Iowa, 479, 41 N. W. 197. In the contested election case of *Wallace v. McKinley,* before the house of representatives, found in Digest of Contested Elections 1888–89, by Mobley (page 185), the committee investigating the case reported that when the name of one candidate is printed on the ballot, and the name of the opposing candidate written under it, the former not being erased, it is clearly the intention of the voter to vote for the latter candidate, and the vote should be so counted.

The theory of these latter cases seems to be that when the intention of the voter is so clear, and there is no provision of statute declaring that such votes shall not be counted, such intention shall prevail, and the vote shall be counted for the candidate whose name appears in writing. In other words, the voter shall not be disfranchised because of mere mistake, but his intention shall prevail, and the printed name be treated as though it had been erased. We are disposed to follow this line of cases, and therefore hold that the trial court was in error in declining to count the two ballots in question for the relator. The fact that one was written *"H. Blodgett,"* and the other merely *"Blodgett,"* without initials, does not affect the question. The relator was the only candidate of

that name for that office.   The cases of *Newton v. Newell,*
26 Minn. 529, 6 N. W. 346; *Brown v. McCollum,* 76 Iowa,
479, 41 N. W. 197; and *Att'y Gen. ex rel. Carpenter v. Ely,*
4 Wis. 420, justify counting such ballots for relator notwith-
standing the informality in the written names.   The question
here decided was not involved in *State ex rel. Holden v. Tier-
ney,* 23 Wis. 433, and hence that case is not authority against
the conclusion reached.

*By the Court.*—The judgment of the circuit court is re-
versed, and the cause is remanded with directions to enter
judgment in favor of the relator and ousting defendant from
his said office.

