State ex rel. Tank v. Anderson, 191 Wis. 538.

STATE ON COMPLAINT OF TANK, Appellant, vs. ANDERSON, Respondent.

*November 9, 1926—January 11, 1927.*

*Elections: Regulatory statutes: How construed: Prohibition of use of stickers on official ballot.*

1. In construing statutes regulating elections, courts recognize that the object of elections is to ascertain the popular will and not to thwart it, and of election laws to secure the rights of duly qualified electors and not to defeat them. p. 539.
2. In the counting of ballots, the intention of the voter, in view of sec. 6.42, Stats., as gathered from the ballot itself or from surrounding circumstances of a public character, should control. p. 540.
3. Under said sec. 6.42, ballots which fairly and reasonably indicate the real intention of the elector are to be counted as cast, unless to do so runs counter to the statute. p. 540.
4. It is the duty of the court to give the statutes such construction as will give force and effect to all provisions thereof; and if there is a conflict between provisions of the statutes, the amendment containing the latest expression of the legislative will must control. pp. 541, 543.
5. Notwithstanding sub. (11), sec. 6.23, Stats., prohibits the pasting of names on the printed ballot, sub. (1) (b), sec. 6.22, subsequently enacted, provides that an elector may insert or write in the name of a candidate not appearing on the ballot; and in an action of *quo warranto* to test the right of defendant to hold the office of town chairman—who was elected if ballots were counted upon which stickers bearing his name were pasted,—the prohibition against the use of stickers is construed to apply only to election officials charged with the preparation and distribution of ballots, and not to prevent a voter from using a sticker to vote for a candidate whose name is not on the ballot. p. 543.

CROWNHART and OWEN, JJ., dissent.

APPEAL from an order of the circuit court for Winnebago county: FRED BEGLINGER, Circuit Judge. *Affirmed.*

Action of *quo warranto* brought by *J. H. Tank* to test the right of the defendant, *Chris. Anderson,* to hold the office of

town chairman.  From an order overruling a demurrer to defendant's answer plaintiff appeals.

Plaintiff was nominated for the office of chairman at the town caucus and his was the only name of any candidate for that office that was printed upon the official ballot.  Electors desiring to vote for the defendant for town chairman either wrote his name in the blank space left upon the ballot for that purpose or inserted it in that space by pasting therein printed slips of paper containing defendant's name.

If the ballots on which defendant's name had either been written in or pasted on the ballot are counted, defendant received a majority of all ballots cast.  The answer of the defendant admitted this use of stickers upon the ballots and alleged that such use was lawful under the election laws of Wisconsin.  The plaintiff demurred to this answer on the ground that it did not state facts sufficient to constitute a defense.  The circuit court overruled the demurrer.  The plaintiff appealed from that order.

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, attorneys, and *Fawsett, Smart & Shea* of Milwaukee, of counsel, and oral argument by *Edmund B. Shea.*

*D. K. Allen* of Oshkosh, for the respondent.

STEVENS, J.  The single question presented is whether the statutes regulating elections permit the voter to express his choice for a candidate whose name is not printed on the official ballot by pasting that name on the ballot as well as by writing it thereon.  The solution of this question depends entirely upon the intent of the legislature as expressed in the statutes.

In construing statutes regulating elections, courts must ever keep in mind that "the object of elections is to ascertain the popular will and not to thwart it.  The object of election

laws is to secure the rights of duly qualified electors and not to defeat them." *State ex rel. Dithmar v. Bunnell,* 131 Wis. 198, 206, 110 N. W. 177.

"The constitutional right of an elector to have any reasonable expression of his intention in voting given effect is of the most sacred character, and no intent to thwart it can be ascribed to the legislature except upon unambiguous expression. While such purpose has been found in modern ballot legislation of some of the states, it is not declared in our statutes, and a ballot marked in such manner that the intention of the elector can be gleaned therefrom should be received and counted so as to effectuate that intent. 'This purpose is manifest in the statute and has been declared by this court." *State ex rel. Crain v. Acker,* 142 Wis. 394, 395, 125 N. W. 952.

The cardinal rule prescribed by statute is that "All ballots cast at any election shall be counted for the persons for whom they were intended, so far as such intent can be ascertained therefrom." Sec. 6.42, Stats. "The doctrine of all the cases is that the intention of the voter, as gathered from the ballot itself, or from surrounding circumstances of a public character, is to control. Ballots which fairly and reasonably indicate the real intention of the elector are to be counted as cast, unless to do so runs counter to some statutory enactment." *State ex rel. Blodgett v. Eagan,* 115 Wis. 417, 420, 91 N. W. 984.

An examination of the ballots on which defendant's name was pasted leaves no doubt that it was the intent of the voters who cast those ballots to vote for defendant as chairman of the town. Those ballots must be counted for defendant "unless to do so runs counter to some statutory enactment." The case turns on the question whether in counting these ballots as votes for the defendant the officers who determined that defendant had been elected chairman of the town ran contrary to any statutory enactment.

When the Australian ballot law was first enacted in Wis-

consin in 1889 it expressly gave the voter the right to use stickers in voting for one whose name was not printed on the official ballot.    In 1893 the legislature amended the law by omitting this provision and enacting what is now sub. (11) of sec. 6.23 of the Statutes, which provides that "No pasting names over a ticket or over any names thereon shall be allowed and no name so pasted shall be counted except as provided in section 5.28."    Under the election laws as they stood after this amendment of 1893 the portion of the statute giving information to voters provided: "If he wishes to vote for a person for a certain office whose name is not on the ballot, he must write the name in the blank space under the printed name of the candidate for the office."[1]    Sec. 37, Stats., Supp. 1906, which is now sec. 6.22, sub. (1) (b) of the Statutes.    In 1907 this latter provision was amended by ch. 583 so as to read: "If the voter does not wish to vote for all the candidates nominated by one party, he shall mark his ballot by making a cross or mark in the square at the right of the name of the candidate for whom he intends to vote or by *inserting* or writing in the name of the candidate."

Under familiar rules of statutory construction the court must give such construction to sec. 6.22 of the Statutes as will give force and effect to the amendment of 1907, rather than to so construe it that this provision of the statutes shall be given the same force and effect as if the amendment of 1907 had not been adopted.

In construing the election laws of other states it has been held that the word "inserting" has a broader meaning than the word "writing."    *Little Beaver Township School Directors' Election,* 165 Pa. St. 233, 237, 30 Atl. 955; *Ray v. Registrars of Voters,* 221 Mass. 223, 225, 108 N. E. 1051; *DeWalt v. Bartley,* 146 Pa. St. 529, 544, 24 Atl. 185.    Each of the cases just cited holds, under a statute authorizing the "inserting" of a name not on the ballot, that such name may be inserted by the use of pasters.    "It would be a strained

construction to hold that the word 'inserting,' as used in the act, means inserting by writing. It certainly does not say so, and we see no reason why we should place this construction upon it." *DeWalt v. Bartley, supra.* With much more reason should it be said that this broader construction should be given the word "inserting" where the statute permits both the writing and the inserting of such name as does the statute here under consideration. To hold that the statute only permits the insertion of a name by writing is to nullify the amendment of 1907 and to convict the legislature of doing a vain and useless thing when it amended this statute.

Giving the amendment of 1907 a construction which permits the voter to insert a name not on the official ballot by pasting it thereon does not bring it in conflict with sub. (11) of sec. 6.23 of the Statutes. It is the duty of the court to give the statutes such construction as will give force and effect to all provisions thereof. The portion of sec. 6.22 which was amended in 1907 is devoted wholly to giving information to voters. Sec. 6.23, on the other hand, deals with a preparation of the official ballot and prescribes the duties of the officers who prepare and distribute the official ballot. The prohibition against pasting contained in sec. 6.23 is a prohibition directed to those officers, not to the individual voter. Voters when they receive the official ballot on election day have a right to rely upon the fact that the ballot is the official ballot with which they have become familiar through publication in the press. It would open wide a door for fraud if those in charge of the ballot could paste a name or names over those upon the official ballot, especially in view of the well known fact that so many voters place a cross at the head of the party column, thereby signifying their intent to vote for all whose names appear in that column.

There are no reasons of public policy why an elector should not be permitted to paste a name on the ballot as well as to write the name thereon. There is no danger that any fraud would be perpetrated if pasting is permitted by voters,

as there would be if election officials are permitted to do such pasting.

The fact that sub. (7) of sec. 6.23 does not provide for information upon the ballot itself to the effect that the voter may insert names by other means than by writing does not lead to the conclusion that the voter has no right to insert a name by pasting.   If there is a conflict between these two provisions of the statutes, the amendment of 1907 must prevail, as it contains the latest expression of the legislative will.

To refuse to give effect to the intent of the voters so clearly expressed by the use of these pasters would be to thwart and to defeat the will of the majority of the voters. The statutes contain no unambiguous expression of the legislative intent that requires the court to refuse to recognize the will of the people as expressed through the ballot box in this election.

Viewing the statutes here in question as a whole in the light of well established rules of statutory construction, the court concludes that the prohibition against the use of stickers upon ballots applies only to their use by those charged with the duty of preparing the official ballot and of distributing that ballot on election day, and that the statutes give the voter the right to use stickers to express his choice for one whose name is not upon the official ballot.

*By the Court.*—Order affirmed.

CROWNHART, J. (*dissenting*).  I fully agree with the general rule that a voter is entitled to his freedom to vote for whom he pleases and to have his vote counted according to his plain intent, but it cannot be doubted that the legislature may determine the manner of voting to carry out the public policy of the law and the purpose of elections.  The rule is given in 9 Ruling Case Law, 1131, as follows:

"It should be remembered, however, that statutory provisions as to the marking of ballots are in their nature mandatory.   And it is within the power of the legislature to pre-

scribe reasonable regulations which the voter must follow in preparing his ballot, and therefore where the statute specifies particularly the manner in which the ballot shall be marked those marked as provided by statute must be counted, and there is no authority for counting any which are not so marked; it being held that whether a ballot should be counted does not depend solely on the power to ascertain and declare the choice of the voter, but also on the expression of that choice in the manner provided by the statute."

The purpose of elections may be thwarted by schemes that open the way to snap judgments or ill-considered methods of voting. For this reason the legislature has provided a complete scheme of nominations for candidates to be voted for, as well as a complete scheme for voting. The plan contemplates that candidates for office shall have their names printed on an official ballot to be voted, and that the voters shall generally know in advance who the candidates are so that the voters may exercise an intelligent choice. As stated in the opinion of the court, after the Australian ballot law was enacted it was expressly provided that the voter, while in the election booth, could use stickers or pasters in voting by pasting a slip with the name of the voter's choice on the ballot, over the name of the candidate printed thereon. But that plan evidently did not prove satisfactory, probably for the reason that it permitted one of the abuses prevailing prior to the adoption of the Australian ballot, which, as stated by the supreme court of Michigan, was:

"Secret organizations met on the night previous to election and furnished their members with 'vest-pocket' tickets,—a proceeding foreign to the spirit of our government." *Detroit Common Council v. Rush*, 82 Mich. 532, 46 N. W. 951, 10 L. R. A. 171.

The sticker or paster was substituted for the "vest-pocket" ticket, and was subject to the same objection. Therefore, by ch. 288, Laws of 1893, entitled "An act to consolidate and revise the statutes of the state, relating to general elections,

the conduct, canvass and returns of the same, and to secure the secrecy and purity of the ballot, and for other purposes," it was provided specifically by sec. 28 thereof:

"No pasting names over a ticket, or any names thereon, shall be allowed, and no names pasted on a ticket shall be counted except as provided in section 24, of this act."

Sec. 24 provided for the pasting of names on the ballot by the election clerks in cases where there arose a vacancy after the nomination of the candidate. This express prohibition against the pasting of names on the ballot has prevailed from that time down to the present. At the time of the election in the instant case, this provision was found in sub. (11), sec. 6.23, Stats., and read as follows:

"No pasting names over a ticket or over any names thereon shall be allowed and no name so pasted shall be counted except as provided in section 5.28."

Sec. 5.28 contained the same provision as sec. 24, ch. 288, Laws of 1893.

Sec. 27, ch. 288, Laws of 1893, provided for an official publication of information to voters, and among other things the information to voters contained the following:

"If he [the voter] wishes to vote for a person for a certain office, whose name is not on the ballot, he must write the name in the blank space under the printed name of the candidates for the office, and make a cross, X, in the square at the right of it."

By sec. 1, ch. 583, Laws of 1907, sec. 37 of the Statutes relating to information to voters was amended by rewriting and revising the same, and as revised it contained this information:

"If the voter does not wish to vote for all the candidates nominated by one party, he shall mark his ballot by making a cross or mark in the square at the right of the name of the candidate for whom he intends to vote or by inserting or writing in the name of the candidate."

Ch. 583, Laws of 1907, revised other sections of the election laws, and expressly repealed secs. 39 and 52 of the election laws as they then stood. *Expressio unius est exclusio alterius.* The express repeal of the two sections, 39 and 52, of the election laws excludes the idea of an implied repeal of sec. 28, now sub. (11), sec. 6.23. That chapter did not in any wise expressly amend or repeal the provision of the statutes above quoted, prohibiting the use of pasters, or the prohibition against the counting of any such votes, and that provision was in force at the time of the election in the instant case. However, it is insisted in the opinion of the court that the use of the words "inserting or" before the word "writing," in the amendment of the law of 1907, works an implied repeal of this express prohibition against pasters. If that was the intent of the legislature, why was the word "pasting" not used instead of "inserting?" Repeals by implication are not favored in the law. 25 Ruling Case Law, 914–922. This change in the law of 1907 occurs in the information to voters to be published. It is not a part of the substantive law with reference to the preparation of the ballot or the instructions to voters on the ballot, or the express provision directing the election officers how to count the votes. The word "inserting" appears to be a mere fugitive or tautological expression, and should not have any weight whatever as indicating a modification of the express prohibition against the use of pasters or the counting of any votes indicated by pasters. Its use seems to have found its way in the law through the bad habit of lawyers to use excessive verbiage to obscure instead of making plain the intent.

On the contrary, and as a conclusive answer to the suggested implied repeal, ch. 583, Laws of 1907, by sub. (11), sec. 38, expressly re-enacted and amended the provision against pasting, as follows:

"*No pasting.* . . . No pasting names over a ticket or over any names thereon shall be allowed, and no name so pasted

State ex rel. Tank v. Anderson, 191 Wis. 538.   Dissent.

sh'all be counted except as provided in section 34 *of these statutes."*

This is a later provision in the same chapter than sec. 37, relating to the publication of information to voters, and must prevail over that provision in case of conflict.   By a still later provision in the same chapter, a form of ballot is provided, with appropriate instructions to voters at the head thereof, directing the voter to *write in* the name of the candidate not found on the ballot for whom he wishes to vote, again conclusively repelling any idea of permitting pasters.   (Sec. 40.)

After the passage of the law of 1907, an opinion by the attorney general was rendered in 1908, and another opinion by the attorney general in 1910.   It was held:

"There is no authority given in the primary election law for the use of stickers or. pasters. . . . The use of pasters is specifically prohibited by the general election law, and the general election law is made to apply to the primary so far as it may."

These opinions of two attorneys general, construing the provisions of the law with reference to pasters and stickers, have stood for nearly twenty years, with the full concurrence and acquiescence of the legislature in the construction of the statutes by the attorneys general.   This construction given to election officers by the attorneys general should have great weight in construing the law.

"It is a well settled rule that the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, while not controlling, is entitled to great weight, and should not be disregarded or overturned except for cogent reasons, and unless it be clear that such construction is erroneous. . . . The opinions of the attorney general of the United States or of a state are always valuable when passing upon questioned statutes, and, although not binding, are always considered and frequently resorted to."   25 Ruling Case Law, 1043, 1047.

It must be remembered that the statutes provide instructions to the voter to be placed upon the ballot. This is the last word to the voter before he marks his ballot. These instructions in the general election laws are as follows :

". . . If you desire to vote for particular persons without regard to party, mark in the square at the right of the name of the candidate for whom you desire to vote, if it be there, or write any name that you wish to vote for, in the proper place."

Nothing is here said about "inserting." The voter must *write in* the name.

By sec. 10.55, Stats., general election laws apply to town elections so far as applicable. The ballot provided by the town clerk in the instant case had printed thereon, at the head thereof, the following instructions to the voter :

"To vote for a person whose name is printed on the ballot, make a cross (X) in the square after the name of the person for whom you desire to vote. To vote for a person whose name is not printed on the ballot, write his or her name in the blank space provided for that purpose."

Nothing is here said about "inserting." The voter must *write in* the name.

It seems perfectly plain to me that the legislative scheme forbade the use of stickers, and that the town officers were forbidden to count any attempted vote by the use of stickers. To hold otherwise is to found the decision upon a single word of doubtful meaning, used in the instructions to the voters and not in the substantive law. It is the bane of lawyers and legislative bill-drafters to use a long list of words having the same or about the same meaning. In the use of the words "inserting or writing" in the law of 1907, I think this was illustrated. I think "inserting" and "writing," as here used, have the same meaning, and either or both, used in conjunction with the express prohibition that no pasters shall be used, cannot be interpreted to mean that pasters may be

State ex rel. Tank v. Anderson, 191 Wis. 538.   Dissent.

used, except by drawing a strained construction from a doubtful and indefinite word to override a plain and positive prohibition in the law, based upon sound public policy. The election laws are *in pari materia,* and all must be construed together.

I do not overlook the citation from Pennsylvania and Massachusetts cases giving a somewhat broader view of the word "inserting," but in those cases the courts were not met with any prohibition in the law against the use of pasters, and very properly broadened the meaning of the phrase by including pasters. Such cases have no applicability, however, to our statutes, where the prohibition is express and positive, both as to the use of pasters and as to the duty of officers to refuse to count such votes. Far greater weight should be given to the statement of our own court in *State ex rel. Kleist v. Donald,* 164 Wis. 545, 554, 160 N. W. 1067, where it said the voter "was required to express his choice in the manner indicated on the official ballot, and the use of stickers was strictly forbidden." Sub. (11), sec. 6.23, Stats.

The abuses with the paster may be as grave as with the vest-pocket ticket. The secrecy of the ballot may be violated. Watchers in the polling place may readily determine in many cases if the voters are using the pasters, and the election clerk who deposits the ballots in the box can determine, in many cases, by the feel of the ballot, if the paster has been used. The power of the legislature to prohibit pasters is undoubted, and to my mind it is plain that it did so.

The effect of the present decision is to nullify the plain and positive language of the statute, and to set aside a construction of the statutes that has been uniformly accepted and applied for twenty years.

I therefore respectfully dissent. I am authorized to say that Mr. Justice OWEN concurs in this opinion.