Harrison STURGIS, Jr., Petitioner-Appellant,

v.

TOWN OF NEENAH BOARD OF CANVASSERS,
and Sally Keating, Candidate, Town of Neenah Town
Chairman, Respondents,†

STATE ELECTIONS BOARD, Intervenor.

Court of Appeals

*No. 89-0912. Submitted on briefs October 4, 1989.—Decided
November 1, 1989.*

(Also reported in 450 N.W.2d 481.)

† Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Thomas A. Plein* and *Russell J. Reff* of *Engler, Flanagan, Reff, Baivier & Bermingham, S.C.* of Oshkosh.

On behalf of the respondents, Town of Neenah Board of Canvassers, the cause was submitted on the brief of *Jeffrey F. Snyder* and *James T. Prosser* of *Cummings, Snyder, Hanes & Wiegratz, S.C.* of Neenah.

On behalf of Sally Keating, a letter brief was filed by Sally Keating, pro se.

On behalf of the intervenor, State Elections Board a brief was filed by *Donald J. Hanaway,* attorney general and *Alan Lee,* assistant attorney general.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J.   This is a review of the validity of twenty-five ballots cast in the election for Neenah Town Chairman. The Neenah Board of Canvassers invalidated these twenty-five votes for write-in candidate Harrison Sturgis, Jr., and declared Sally Keating

the winner by ten votes. The board of canvassers invalidated the disputed ballots because stickers bearing Sturgis' name were pasted on the face of the ballots by voters, covering Keating's name on the ballot. The board of canvassers construed this as a violation of sec. 7.50(2)(f), Stats.[1]

We interpret the sec. 7.50(2)(f), Stats., prohibition against placing sticker votes over other names on the ballot as being applicable only to straight party ballots. The Neenah Town Chairman election was nonpartisan. Thus, we conclude that twenty-five votes for Sturgis were erroneously disallowed. We reverse and remand, directing the circuit court to reverse the board's determination and to order the town clerk to issue a certificate of election to Sturgis.[2] Secs. 9.01(8), 7.53(4), Stats.

The relevant facts are undisputed. On April 4, 1989, the Town of Neenah held a nonpartisan election for several town officials, including town chairman. Keating's name appeared on the ballot as the sole candidate for chairman. However, she was opposed by Sturgis, who waged a write-in campaign and provided town residents

---

[1]The board of canvassers' and Keating's interpretation of sec. 7.50(2)(f), Stats., is understandable because they relied in part on instructions from the State Elections Board. These instructions were printed on handouts and stated that sticker votes which covered the printed name of any other candidate should not be counted, pursuant to sec. 7.50(2)(f). Now, on appeal, the State Elections Board takes a position that is not in accord with its earlier instructions.

[2]Sturgis also argues that two other invalidated ballots should have been counted in his favor. On one ballot the voter wrote in Sturgis' name for the positions of both chairman and assessor and on the other the voter pasted a Sturgis sticker in the space reserved for writing in a candidate for constable. Because our determination with respect to the other twenty-five ballots is dispositive of this case, we do not address this issue.

with stickers to paste on the ballots if they chose to vote for him. The stickers were printed with the words "HARRISON STURGIS, JR. CHRMN." Numerous voters used the stickers, affixing them in the space reserved for the write-in candidate for chairman. The initial canvass of votes revealed that Sturgis had defeated Keating by eight votes.

Keating demanded a recount. On twenty-five of the ballots the voters had pasted a Sturgis sticker either directly over Keating's name or in the space for the write-in candidate in such a way that the top of the sticker covered a portion of Keating's name. The town board of canvassers invalidated these votes, interpreting sec. 7.50(2)(f), Stats., to mean that sticker votes which covered any part of another name on the ballot may not be counted as votes for the sticker candidate. After a recount, the board declared Keating the winner by ten votes.

Sturgis appealed the board's determination to the circuit court. The court ruled that the board had correctly interpreted sec. 7.50(2)(f), Stats., and affirmed the board's invalidation of the twenty-five disputed ballots. Sturgis appeals to us. The State Elections Board has intervened in this appeal and submitted a brief in support of Sturgis' position.

The sole issue on appeal is whether sticker votes affixed to the face of a nonpartisan ballot must be invalidated if the sticker covers any part of any name printed on the ballot. The statute at issue is sec. 7.50(2)(f), Stats., which reads in relevant part:

(2) ASCERTAINMENT OF INTENT . . ..
To determine intent:
. . ..
(f) If a sticker applied to the ballot lists a candidate's name and the office which the candidate

seeks, it is a vote for the name appearing on the sticker even if the sticker does not contain a box or the elector omits the cross to the right of the name, or makes a cross in another column for a candidate for the same office, or if a sticker is pasted somewhere else on the face of the ballot than the proper location, *but if the sticker is pasted over the space for voting a straight party ballot or over any name printed on the ballot, it may not be counted as a vote.* Only stickers appearing on the face of the ballot may be counted. [Emphasis added.]

Interpretation of a statute presents a question of law which we review *de novo. State v. Pham,* 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). In construing sec. 7.50(2)(f), Stats., we must give effect to the intent of the legislature. *See Pham,* 137 Wis. 2d at 34, 403 N.W.2d at 36. We must ascertain that intent by first looking to the language of the statute itself. *Id.* Only if the language of the statute is ambiguous are we permitted to look beyond the statutory language and examine the scope, history, context, subject matter, and object of the statute to discern legislative intent. *Id.* Furthermore, we must interpret the statute so as to avoid absurd or unreasonable results. *Id.*

The board of canvassers argues that sec. 7.50(2)(f), Stats., is unambiguous. It contends that the statute is a legislative road map for determining voter intent which clearly forbids the counting of any sticker vote which is pasted over any name on any ballot. We disagree.

A statute, or a portion of a statute, is ambiguous if it is capable of being understood by a reasonably well-informed person in more than one way. *State ex rel. Newspapers Inc. v. Showers,* 135 Wis. 2d 77, 87, 398

N.W.2d 154, 159 (1987). An ambiguity can be created by the interaction of two statutes or by the interaction of the words and structure of the statute itself. *Id.*

Section 7.50(2)(f), Stats., sets out the method for determining voter intent when stickers are affixed to a ballot. It provides that votes for a sticker candidate are to be counted regardless of where the sticker is placed on the ballot or whether the voter fails to make a cross in the correct column. However, the statute also provides that sticker votes are not to be counted if they are "pasted over the space for voting a straight party ballot or over any name printed on the ballot." *Id.* We conclude that reasonable persons could differ as to whether the concluding reference to "the ballot" relates only to straight party ballots as addressed in the same clause or to ballots generally as addressed by the entire statute. Thus, the statute is ambiguous and we must look beyond its language to construe its meaning.

■■

We begin this exercise by stating some fundamental principles governing this inquiry. We must construe election laws to give effect to the will of the electorate. *Town of Nasewaupee v. City of Sturgeon Bay,* 146 Wis. 2d 492, 497, 431 N.W.2d 699, 701 (Ct. App. 1988). In determining whether to invalidate the ballots in question we adhere to the general principle that the individual citizen has the fundamental, inherent right to have his or her vote counted, consistent with necessary restrictions to insure the integrity of the election process. *In re Bd. of Canvassers,* 147 Wis. 2d 467, 471, 433 N.W.2d 266, 267 (Ct. App. 1988). "The constitutional right of an elector to have any reasonable expression of his intention in voting given effect is of the most sacred character, and no intent to thwart it can be ascribed to the Legislature, except upon unambiguous expression." *Id.*

(quoting *State ex rel. Crain v. Acker,* 142 Wis. 394, 395, 125 N.W. 952, 953 (1910)).

This theme is echoed in the statutes. "Except as otherwise provided, chs. 5 to 12 shall be construed to give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of their provisions." Sec. 5.01(1), Stats. An examination of the ballots on which Sturgis' sticker was affixed leaves no doubt that it was the intent of the voters who cast those ballots to vote for Sturgis as town chairman. Thus, we conclude that those ballots must be counted for Sturgis, unless to do so is contrary to sec. 7.50(2)(f), Stats., in light of its scope, history, context, subject matter, and object. *See State ex rel. Tank v. Anderson,* 191 Wis. 538, 540, 211 N.W. 938, 939 (1927); *Pham,* 137 Wis. 2d at 34, 403 N.W.2d at 36.

We do not find the scope or context of the statute to be of significant assistance in this endeavor. *See Pham,* 137 Wis. 2d at 34, 403 N.W.2d at 36. We do, however, conclude that the history, subject matter and object of the statute are enlightening. *See id.*

Section 7.50(2)(f), Stats., was created by sec. 1, ch. 666, Laws of 1965. The legislative history is limited only to the legislative council note that "[p]ar. (f) is new." Legislative Council Note, 1965, Wis. Stat. Ann. sec. 7.50 (West Supp. 1988). However, the history of "sticker" write-in voting is documented in Wisconsin case law and earlier statutes.

Wisconsin first recognized this form of voting by sec. 23(e)(16), Stats. (1889):

> Nothing in this act contained shall prevent any voter from writing or pasting upon his ballot the name of any person for whom he desires to vote for any office,

and such vote shall be counted the same as if printed upon the ballot and marked by the voter . . ..

Section 28, ch. 288, Laws of 1893 amended this election law by omitting the above provision and declaring an outright prohibition against sticker voting with one exception:

> No pasting names over a ticket, or any names thereon, shall be allowed, and no names pasted on a ticket shall be counted except as provided in section 24, of this act.

*Id.* The exception permitted stickers to be used when there was a vacancy occurring after nomination.

At the same time, the legislature continued to recognize the conventional write-in method for voting:

> If [the voter] wishes to vote for a person for a certain office, whose name is not on the ballot, he must write the name in the blank space under the printed name of the candidates for the office, and make a cross, X, in the square at the right of it.

Sec. 27, ch. 288, Laws of 1893. This provision was amended in 1907 utilizing language suggesting that write-in voting other than by writing in was again acceptable:

> If the voter does not wish to vote for all the candidates nominated by one party, he shall mark his ballot by making a cross or mark in the square at the right of the name of the candidate for whom he intends to vote *or by inserting* or writing in the name of the candidate.

Sec. 1, ch. 583, Laws of 1907 (emphasis added).

In *State ex rel. Tank v. Anderson,* 191 Wis. 538, 211 N.W. 938 (1927), the supreme court held that the word

"inserting" in the statute contemplated pasting a name on a ballot. *Id.* at 541–42, 211 N.W.2d at 939. The court harmonized sec. 6.23(11), Stats. (1927), the 1893 enactment prohibiting the use of stickers, by limiting its application to election officials, not to individual voters:

> Voters when they receive the official ballot on election day have a right to rely upon the fact that the ballot is the official ballot with which they have become familiar through publication in the press. It would open wide a door for fraud if those in charge of the ballot could paste a name or names over those upon the official ballot, *especially in view of the well known fact that so many voters place a cross at the head of the party column, thereby signifying their intent to vote for all whose names appear in that column.*

*Id.* at 542, 211 N.W. at 939–40 (emphasis added).

The application of the sec. 6.23(11), Stats., prohibition against sticker voting was further refined in *In re Leuch,* 244 Wis. 305, 12 N.W.2d 61 (1943), where the supreme court held that the prohibition was limited to "ticket" situations, meaning "a party ticket on the ballot, which could be voted by placing a cross in the circle at the top of the party ticket." *Id.* at 315, 12 N.W.2d at 66.

Thus, prior to the enactment of sec. 7.50(2)(f), Stats., the predecessor statute, sec. 6.23(11), Stats., had been limited to election officials in *Tank* and to party ticket ballots in *Leuch.*

Against this backdrop came the enactment of sec. 7.50(2)(f), Stats., in 1965. Although the legislative council correctly noted that the statute was "new," we do not read this as suggesting that legislation represented a significant change in the law. Rather, in light of the history just recounted, we view the statute as a recodification of

existing law on the subject of sticker write-in voting. In its introductory clause, the statute clearly continues the validity of sticker voting as recognized in the 1907 predecessor legislation and in *Tank*:

> If a sticker applied to the ballot lists a candidate's name and the office which the candidate seeks, it is a vote for the name appearing on the sticker even if the sticker does not contain a box or the elector omits the cross to the right of the name, or makes a cross in another column for a candidate for the same office, or if a sticker is pasted somewhere else on the face of the ballot than the proper location . . ..

Sec. 7.50(2)(f).

The statute then goes on to recite the limited ban on sticker voting recognized in the prior statute, sec. 6.23(11), Stats.:

> [B]ut if the sticker is pasted over the space for voting a straight party ballot or over any name printed on the ballot, it may not be counted as a vote.

Sec. 7.50(2)(f), Stats.

██

We recognize that the inherent right of citizens to vote for public officers is subject to reasonable legislative regulation. *Gradinjan v. Boho,* 29 Wis. 2d 674, 684, 139 N.W.2d 557, 563 (1966). However, the evil sought to be controlled as documented in the case law and the legislature's own pronouncements have not extended sticker voting prohibitions or controls to nonpartisan elections. In such a setting, the elector must separately choose a candidate for each office. The opportunity for voter fraud or deception by misuse or manipulation of the "straight party ballot" is not present in such an election.

In light of both the statutory predecessors to this statute and the case law, we conclude that "the ballot" referred to in the sticker limitation clause of sec. 7.50(2)(f), Stats., refers only to a "straight party ballot" and not to ballots generally.[3]

Other considerations also compel our conclusion that the contested ballots should be allowed. Voting is a constitutional right, and any statute which denies a qualified elector the right to vote is unconstitutional and void. *Gradinjan,* 29 Wis. 2d at 684, 139 N.W.2d at 563. There is a strong presumption favoring the constitutionality of a statute, and if possible, we will interpret a statute to preserve it. *State v. Hurd,* 135 Wis. 2d 266, 271, 400 N.W.2d 42, 44 (Ct. App. 1986).

Our interpretation also avoids absurd and unreasonable results. If the voters had obliterated Keating's name and then wrote in Sturgis' name with a pen or pencil the votes would have been counted under sec. 7.50(2)(d), Stats. However, under the board of canvassers' interpretation of subsec. (2)(f), obliteration of Keating's name by use of a sticker voided the vote. That interpretation leads to the absurd result that voters who exercise their right to write in a candidate and thereby obliterate the other candidate's name would have that choice counted if they use a pen, but voided if they use a sticker. Such a result is absurd and lacks reason. We should strive to interpret all the write-in statutes in a consistent and

---

[3]Whether the sticker limitation of sec. 7.50(2)(f), Stats., is applicable to election officials only, as expressed in *State ex rel. Tank v. Anderson,* 191 Wis. 538, 211 N.W. 938 (1927), under the predecessor statute, is not before us, since we have already concluded that the sec. 7.50(2)(f) sticker limitation is inapplicable to this nonpartisan election.

204

harmonious fashion. *See County of Dane v. Racine County,* 118 Wis. 2d 494, 498, 347 N.W.2d 622, 625 (Ct. App. 1984).

We reverse the order of the trial court and remand with directions that the trial court reverse the board's determination and order the town clerk to issue a certificate of election to Sturgis.

*By the Court.*—Order reversed and cause remanded with directions.