IN RE the PATERNITY OF J.S.P.: FAMILY PLAN-
NING HEALTH SERVICES, INC., Appellant-Cross
Respondent,

v.

T.G., Respondent-Cross Appellant.

Court of Appeals

*No. 89-1997. Submitted on briefs May 22, 1990.—Decided
September 5, 1990.*

(Also reported in 461 N.W.2d 794.)

On behalf of appellant-cross respondent, the cause was submitted on the brief of *Debra L. Hayes* of *Mallery & Zimmerman, S.C.* of Wausau.

On behalf of respondent-cross appellant, the cause was submitted on the brief of *Peter C. Gunther* of *Crooks, Low & Connell, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Family Planning Health Services, Inc. appeals a court order compelling it to produce documents relating to G.P.'s pregnancy at the preliminary hearing in an action to determine the paternity of her child. The alleged father, T.G., seeks all of the clinic records for a two-year period that could include notes that relate to sexual relations with other males. Family Planning argues that statements of the patient concerning her sexual behavior are not discoverable because they are privileged communications under sec. 905.04(2), Stats., and that the two-year period for which records are sought is too broad. The trial court found that the challenged records are excepted from the privilege by sec. 905.04(4)(g) as "testimony about the medical circumstances of a pregnancy" in a paternity hearing. We uphold the order refusing to quash the subpoena duces tecum, but direct the circuit court to modify the language therein to prohibit solicitation of information relating to the sexual relations of the mother occurring at any time other than the probable time of conception, as required by sec. 767.475(4), Stats. The order is modified and affirmed.

Family Planning is a government-funded, nonprofit corporation that provides reproductive health care services to female patients of financially limited means. G.P. has been a patient at Family Planning since 1980. In December of 1987, G.P. had a pregnancy test at Family Planning. A nurse gave her the positive test results, counseled her on prenatal care and instructed her to contact her personal physician. G.P. visited Family Planning on subsequent occasions as a patient, including at least one time after the birth of her child. The child

104

was born on August 14, 1988, and the conceptive period was from October 17, 1987, to December 16, 1987.

G.P. testified at the preliminary hearing that she told the nurse at Family Planning that T.G., her live-in boyfriend at the time, was the child's father. G.P. testified that she also told the nurse that she had sexual intercourse subsequent to the positive pregnancy test with S.D. on December 26, 1987.[1]

Because G.P. is receiving public assistance, the state has initiated an action to determine the paternity of her child. G.P. has accused T.G. of being the father. In his attempt to defend this action, T.G. wants to have a blood sample taken from S.D. In order to do so, or to take a blood sample of any other potential father, T.G. needs to establish probable cause of sexual intercourse between G.P. and another during the possible conceptive time. *See* sec. 767.48, Stats.[2]

T.G. subpoenaed Lon Newman, the director of Family Planning, to produce all documents in the clinic's possession relating to the mother beginning one month prior to the conceptive period through the date of the

---

[1]The prohibition against testimony relating to sexual relations of the mother at "any time other than the possible time of conception of the child," sec. 767.47(2), Stats., insofar as it relates to G.P.'s testimony, is not raised on appeal.

[2]Section 767.48(1)(a) provides:

> The court . . . may, and upon request of a party shall, require the child, mother, any male for whom there is probable cause to believe that he had sexual intercourse with the mother during a possible time of the child's conception, or any male witness who testifies or will testify about his sexual relations with the mother at a possible time of conception to submit to blood tests. Probable cause of sexual intercourse during a possible time of conception may be established by a sufficient petition or affidavit of the child's mother filed with the court, or after an examination under oath of a complainant or witness, when the court . . . determines such an examination is necessary.

court order; specifically, from September 17, 1987, to October 17, 1989.[3]

Family Planning claims that some of the documents requested are privileged by sec. 905.04(2), Stats.[4] The trial court inspected the documents in camera and concluded that documents entitled "Progress Notes" were subject to the subpoena because they concerned the history of G.P.'s pregnancy and were thus excepted from the privilege by sec. 905.04(4)(g).[5] The trial court stayed disclosure of these records pending appeal.

■

T.G. first argues that Family Planning lacks standing to appeal the trial court order because it was not a named party in the lawsuit. The law of standing is to be liberally construed. *Bence v. City of Milwaukee,* 107 Wis. 2d 469, 478, 320 N.W.2d 199, 203 (1982). "A right to appeal from a judgment or order . . . is confined to parties aggrieved in some appreciable manner by the court

[3]This is the subpoena as it was revised by the trial court after determining that the original subpoena, which requested the entire file dating back to 1980, was too broad.

[4]Section 905.04(2) provides:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition, among the patient, the patient's physician, the patient's registered nurse, the patient's chiropractor, the patient's psychologist or persons, including members of the patient's family, who are participating in the diagnosis or treatment under the direction of the physician, registered nurse, chiropractor or psychologist.

[5]Section 905.04(4)(g) provides: "There is no privilege concerning testimony about the medical circumstances of a pregnancy or the condition and characteristics of a child in a proceeding to determine the paternity of that child under ss. 767.45 to 767.53."

action." *Tierney v. Lacenski,* 114 Wis. 2d 298, 302, 338 N.W.2d 522, 524 (Ct. App. 1983). A person may be an aggrieved party even though he or she is not a named party to the suit if he or she has a substantial interest adverse to the judgment or order. *Ford Motor Credit Co. v. Mills,* 142 Wis. 2d 215, 218, 418 N.W.2d 14, 15 (Ct. App. 1987). Family Planning is aggrieved by the fact that it is being compelled to bring otherwise confidential records to court, and confidentiality is a key part of Family Planning's services. We therefore conclude that Family Planning has standing to appeal the court's order.

Family Planning contends that the trial court erred by ordering it to produce some of G.P.'s records because they are privileged by sec. 905.04(2), Stats. Family Planning argues that by finding that the records fall within the sec. 905.04(4)(g) exception to the privilege, the trial court erred in two ways: first, by concluding that the history of G.P.'s pregnancy is a "medical circumstance[ ] of a pregnancy," and, second, by ordering the disclosure of records outside the conceptive period.

The issue here is one of statutory construction. Interpretation of a statute presents a question of law that we review de novo. *Sturgis v. Town of Neenah Bd. of Canvassers,* 153 Wis. 2d 193, 198, 450 N.W.2d 481, 483 (Ct. App. 1989). We must give effect to the legislature's intent. We ascertain that intent by looking to the language of the statute itself. *Id.* Only if the statutory language is ambiguous are we permitted to look beyond the language of the statute and examine the scope, history, content, subject matter and object of the statute to discern legislative intent. *State v. Pham,* 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987).

A statute, or a portion of it, is ambiguous if reasonable persons can disagree as to its meaning, *Hemerley v. American Family Mut. Ins. Co.*, 127 Wis. 2d 304, 307, 379 N.W.2d 860, 862 (Ct. App. 1985), or if it is capable of being understood by a reasonable person in more than one way. *Sturgis*, 153 Wis. 2d at 198, 450 N.W.2d at 483. The phrase "medical circumstances of a pregnancy," set out in sec. 905.04(4)(g), Stats., is not precise and is subject to more than one interpretation. Accordingly, we hold that it is ambiguous.

In construing this statute, we must keep in mind that we are balancing the interests of the alleged father in pretrial discovery with the interest in protecting the confidentiality of the physician-patient relationship. Discovery statutes are to be liberally construed, whereas privilege statutes are strictly construed. *See Alexander v. Farmer's Mut. Auto. Ins. Co.*, 25 Wis. 2d 623, 628, 131 N.W.2d 373, 376 (1964) (discovery statute held to prevail over privilege statute); *see also Prudential Ins. Co. v. Kozlowski*, 226 Wis. 641, 644, 276 N.W. 300, 302 (1938) (the physician-patient privilege will not be extended beyond its letter). Furthermore, we are dealing with a paternity action, which is purely a creature of statute and must be carried out in the manner fixed by the legislature. *In re S.J.K.*, 132 Wis. 2d 262, 263–64, 392 N.W.2d 97, 97 (Ct. App. 1986).

We need to construe sec. 905.04(4)(g), Stats., in order to determine what type of information the legislature intended would be excepted from the physician-patient privilege during discovery in a paternity proceeding. G.P. argues that "testimony about the medical circumstances of a pregnancy" is limited to information showing the mother's physical condition during preg-

nancy, the actual detection of the pregnancy, the conceptive period, the referral to a physician for prenatal care and details surrounding the child's birth. This limitation is inconsistent with the purpose of granting a special exception to medical privilege in paternity cases.[6]

Section 905.04(4)(g), Stats., was passed as part of a general overhaul of paternity proceedings. *See generally* ch. 352, Laws of 1979; *see also* Krause, *Bringing the Bastard Into the Great Society—A Proposed Uniform Act on Legitimacy,* 44 Tex. L. Rev. 829, 830 (1966) (this article is the genesis of the Uniform Parentage Act).

In a paternity proceeding, only one issue exists—whether the defendant is the father of the child. *State ex rel. Opelt v. Crisp,* 81 Wis. 2d 106, 115, 260 N.W.2d 25, 30 (1977). To exclude a history that may contain evidence of relevant sexual conduct would render sec. 905.04(4)(g), Stats., almost meaningless. The only reason for discovering "medical circumstances of a pregnancy" is to shed some light as to the child's paternity. The discoverable information suggested by Family Planning would ordinarily have little or no bearing on paternity. The legislature is presumed not to have intended meaningless results. *See Sonnenburg v. Grohskopf,* 144 Wis. 2d 62, 66, 422 N.W.2d 925, 927 (Ct. App. 1988). We therefore conclude that the history of the pregnancy is discoverable.

Family Planning also argues that the time period covered by the subpoena is too broad. Section 767.475(4), Stats., provides that discovery in a paternity proceeding is to be conducted in the same manner as

---

[6]Because Family Planning concedes that the information it recites is discoverable, we need not address the release of that information and further limit our discussion to the records pertaining to the patient's history of sexual relations.

other civil actions[7] except that information may not be solicited "relating to the sexual relations of the mother occurring at any time other than the probable time of conception." This statute limits discovery to information about the mother's sexual relations during her conceptive period, whether or not that information is recorded at a date beyond the conceptive period. This limit is consistent with the exclusion in paternity hearings of testimony of sexual relations or possible sexual relations of the mother at any time outside the presumptive time of conception. Section 767.47(2), Stats. The limit is also consistent with the comments to the Uniform Parentage Act, upon which ch. 352, Laws of 1979, was based, which states that the purpose of the pretrial hearing is to minimize the inconvenience and embarrassment in the many cases that will be settled and to reduce the cost and inefficiency previously associated with paternity litigation. Unif. Parentage Act 9B U.L.A. prefatory note 289 and comment 315 (1987).

Accordingly, the trial court is not allowed unfettered discretion under sec. 905.04(4)(g), Stats., in allowing discovery of otherwise privileged information. In addition to the information that Family Planning concedes is relevant and discoverable, the trial court may permit discovery of a patient's history as long as evidence relating to sexual relations of the mother outside the probable time of conception is eliminated. We therefore direct that the trial court order for discovery be modified accordingly.

Family Planning argues that the trial court erred by inspecting otherwise privileged documents in camera.

---

[7]*See generally* ch. 804, Stats.

We disagree. The conduct of a trial is largely within the trial court's discretion. *Dutcher v. Phoenix Ins. Co.,* 37 Wis. 2d 591, 606, 155 N.W.2d 609, 617 (1968). The use of in camera inspections is part of the discretionary powers of the trial court in the conduct of the trial and discovery. *See State ex rel. Ampco Metal v. O'Neill,* 273 Wis. 530, 538–39, 78 N.W.2d 921, 926 (1956); *See also State ex rel. Herget v. Circuit Court,* 84 Wis. 2d 435, 452–53, 267 N.W.2d 309, 317 (1977) (upheld trial court's in camera inspection of a juvenile police file to determine whether it is discoverable).

The party claiming privilege should not be the sole judge of what evidence is privileged. *Wilkins v. Durand,* 47 Wis. 2d 527, 540, 177 N.W.2d 892, 899 (1970). After notice to the interested parties and an opportunity to be heard, if appropriate, the judge must necessarily be allowed to inspect the privileged documents in camera in order to provide a fair method by which privileged records are separated from the unprivileged. Accordingly, it was not an abuse of discretion for the trial court to inspect Family Planning's records.[8]

*By the Court.*—Order modified, and, as modified, affirmed.

---

[8] In view of the right to discovery under subsec. (4)(g), Stats., we do not address T.G.'s cross-appeal that discovery is available under sec. 905.04(4)(c), Stats.