Esther B. ZIMMERMAN, Petitioner-Respondent,

v.

DEPARTMENT OF HEALTH & SOCIAL SERVICES,
Respondent-Appellant.

Court of Appeals

*No. 92-0209-FT. Submitted on briefs March 19,
1992.—Decided May 19, 1992.*

(Also reported in 485 N.W.2d 290.)

499

500

On behalf of the respondent-appellant, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Donald P. Johns,* assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Amory O. Moore* of *Piette & Jacobson, S.C.* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. The Department of Health and Social Services appeals the portion of a circuit court judgment holding that the principal of Esther Zimmerman's trust was not available for determining her medical assistance eligibility, and remanding the matter for a determination of eligibility based on trust income only.[1] DHSS does not appeal the part of the judgment holding that the total trust income is an available asset for determining Zimmerman's medical assistance eligibility. DHSS argues that under sec. 49.45(23), Stats., Zimmerman's trust principal is an available asset to determine medical assistance eligibility, and, therefore, Zimmerman's assets exceed the medical assistance eligibility limit of $2,000. We agree with DHSS that the total trust principal is an available asset for determining Zimmerman's medical assistance eligibility. The portion of the circuit court's judgment appealed from is reversed.

In 1980, Zimmerman executed an irrevocable trust. The trust provides in pertinent part that:

> A. Income earned herefrom shall, at Trustees' sole discretion, be sprinkled among . . . Grantor, Esther B. Zimmermann, [sic] and her children . . . and the children of Grantor's deceased son . . ..
> B. If, in the opinion of Trustees, any income beneficiary is unable to properly administer his or her affairs, income and principal distributable to him or her may be applied for his or her general welfare . . ..
> C. The interest of the beneficiaries herein is created for their personal enjoyment, protection and welfare . . .. If Trustees believe that a beneficiary's interest herein is threatened . . . Trustees shall withhold further distributions of principal and income and apply the same in such manner as it deems nec-

---

[1]This is an expedited appeal under Rule 809.17, Stats.

essary for his or her care, comfort . . . and general welfare. Distribution to said beneficiary is to resume when Trustees consider it no longer necessary to withhold the same.

D. At the time of Grantor's death, Trustees . . . shall distribute all of the remaining principal and undistributed income of this said trust as follows:

1. Six-sevenths (6/7) thereof to Grantor's children . . ..

2. The remaining one-seventh (1/7) thereof to the children of Grantor's deceased child . . ..

. . ..

E. [Trustees are empowered] [t]o make distribution or division of principal in cash or in kind, or both, at values fixed by said Trustees . . ..

Zimmerman applied for medical assistance on April 5, 1991. At that time, her trust had a checking balance of $2,518.33 and a house with an estimated fair market value of $46,600. On April 30, 1991, the house was sold for $48,500. The Marathon County Department of Social Services denied Zimmerman's application for medical assistance. Zimmerman filed a petition for review with DHSS.

Following an administrative hearing, DHSS applied sec. 49.45(23), Stats., and found that the maximum amount of payments the trustees could make to Zimmerman under her trust, which met the definition of a medical assistance qualifying trust, consisted of the total trust income and principal. Therefore, it held that under sec. 49.45(23), all of the trust income and principal was available to Zimmerman and could be considered in determining whether her assets exceeded the $2,000 eligibility limit under sec. 49.47(4)(b)3g, Stats. Because Zimmerman's total trust income and principal exceeded

503

$2,000, DHSS concluded that Zimmerman was ineligible for medical assistance.

Zimmerman appealed DHSS's decision. The circuit court agreed with DHSS that the trust was a medical assistance qualifying trust and the trust income was an available asset for determining medical assistance eligibility under sec. 49.45(23), Stats. The circuit court also agreed that under the terms of the trust, the trust income and principal were distributable to Zimmerman. However, the circuit court stated that DHSS was required under Wis. Adm. Code sec. HSS 103.06(7) to apply DHSS's Program Operations Manual System. Applying the provisions of that manual, the circuit court found that the trust principal was not available. It affirmed DHSS's decision concerning the availability of the trust income, reversed the portion of the decision concerning the trust principal and remanded the matter to permit DHSS to determine the amount of trust income that is available and Zimmerman's eligibility based on the trust income only.

Whether Zimmerman is eligible for medical assistance depends upon the availability of her trust assets. This issue involves the interpretation and application of sec. 49.45(23), Stats. The interpretation and application of a statute to undisputed facts is a question of law. *West Bend Education Ass'n v. WERC*, 121 Wis. 2d 1, 11, 357 N.W.2d 534, 539 (1984). When interpreting a statute, we must give effect to legislative intent. *Sturgis v. Town of Neenah Bd. of Canvassers*, 153 Wis. 2d 193, 198, 450 N.W.2d 481, 483 (Ct. App. 1989). We ascertain legislative intent by first looking to the language of the statute, and only if that language is ambiguous are we permitted to discern legislative intent by looking beyond the language to the scope, history, context, subject matter and

object of the statute. *Id.* Whether a statute is ambiguous is a question of law that we review de novo. *Moua by Schilling v. NSP,* 157 Wis. 2d 177, 184, 458 N.W.2d 836, 839 (Ct. App. 1990).

Zimmerman cites provisions of the Procedure Operations Manual System and the Medical Assistance Handbook for authority that the trust principal is not available. Where a statute is unambiguous, we apply it according to its terms and look no further. *See Sturgis,* 153 Wis. 2d at 198, 450 N.W.2d at 483. Regulations, handbooks and manuals may or may not correctly reflect the law. Where a regulation, manual or handbook is inconsistent with a statute, we apply the statute.

"[T]he blackletter rule is that a court is not bound by an agency's conclusions of law." *West Bend,* 121 Wis. 2d at 11, 357 N.W.2d at 539. However, a court will give deference to an agency's interpretation of a statute where the regular and repeated interpretations of the statute have been applied in practice over a period of time by the agency charged with the duty of administering the statute, and the agency is therefore presumed to have some special expertise. *See id.* at 11–12, 357 N.W.2d at 539–40.

Section 49.45(23), Stats., provides:

> (a) In this subsection, "medical assistance qualifying trust" means a revocable or irrevocable trust, other than a trust established in a will, created by an individual . . . under the terms of which the individual receives or could receive payments and the trustee has discretion in making payments to the individual.
> (b) For the purpose of determining eligibility for medical assistance, the maximum amount of pay-

ments that the trustee of a medical assistance qualifying trust may make to an individual under the terms of the medical assistance qualifying trust shall be considered to be available to the individual, without regard to whether the trustee actually makes the maximum payments to the individual and without regard to the purpose for which the medical assistance qualifying trust was established.

. . ..

(d) Paragraph (b) does not apply to a trust . . . established prior to April 7, 1986, solely for the benefit of an individual with mental retardation who resides in an intermediate care facility for the mentally retarded under 42 USC 1396d(c) and (d).

■

Zimmerman created a nontestamentary and irrevocable trust. The trust gives the trustees discretion to make payments to Zimmerman, who is a beneficiary of the trust. Thus, the trust meets the definition of a medical assistance qualifying trust under sec. 49.45(23)(a), Stats.

■

Zimmerman established her trust in 1980. The effective date of sec. 49.45(23), Stats., is August 1, 1987. Subsection (d) provides that subsec. (b) does not apply to trusts created before April 7, 1986, for the benefit of mentally retarded individuals residing in an intermediate care facility under 42 U.S.C. 1396d. Because the legislature carved this specific exception to trusts created before April 1986 and the effective date of sec. 49.45(23) is August 1, 1987, the plain and unambiguous language of the statute indicates that the legislature intended all other medical assistance qualifying trusts to be considered under subsec. (b) when determining medical assistance eligibility. Because Zimmerman's trust does not

506

fall within the exception in subsec. (d), we conclude that subsec. (b) applies to the trust.

Section 49.45(23)(b), Stats., provides that the maximum amount of payments that the trustee may make to an individual under the terms of the trust shall be "available" to the individual for the purpose of determining medical assistance eligibility. In its decision, the circuit court held that sec. 49.45(23) applies to "payments" under a medical assistance qualifying trust, and payments refer to income, not principal. We disagree. Section 49.45(23) unambiguously states that the maximum amount of payments made under a trust are available. The statute makes no distinction between payments of income and payments of principal. The term "payments" is broad enough to include distributions of both income and principal. Thus, whether both income and principal are "available" depends upon the terms of the trust.

The interpretation and construction of a contract is a question of law that we review without deference to the trial court. *Borchardt v. Wilk,* 156 Wis. 2d 420, 427, 456 N.W.2d 653, 656 (Ct. App. 1990). Where the terms of a contract are plain and unambiguous, we construe the contract as it stands. *Id.* Whether a contract is ambiguous is a question of law that we review de novo. *Spencer v. Spencer,* 140 Wis. 2d 447, 450, 410 N.W.2d 629, 630 (Ct. App. 1987). The cornerstone of contract interpretation is to ascertain the parties' true intentions as expressed by the contractual language. *State ex rel. Journal/Sentinel, Inc. v. Pleva,* 155 Wis. 2d 704, 711, 456 N.W.2d 359, 362 (1990).

Here, the trust provides that the trustees, at their discretion, shall distribute trust income to Zimmerman

and the other beneficiaries. The trust also gives the trustees the authority to distribute the trust principal. In a separate clause, the trustees are allowed to distribute income and principal to an income beneficiary for his or her general welfare if the beneficiary is unable to properly administer his or her affairs. The trustees are also authorized to "withhold further distributions of principal and income and apply the same in such manner as [they deem] necessary for [the beneficiary's] care, comfort . . . and general welfare" if they believe that a beneficiary's interest is threatened, and to resume the distribution of principal and income to the beneficiary when they consider it no longer necessary to withhold it. Therefore, the terms of the trust allow the trustees to make income and principal payments to the beneficiaries, including Zimmerman.

Zimmerman argues that the trust makes no provision for the distribution of trust principal except in the event of her death. We disagree. The trust authorizes the trustees to distribute both income and principal. The trustees' authority to distribute the principal is not limited to after Zimmerman's death. The clause relating to Zimmerman's death states that "At the time of Grantor's death, Trustees . . . shall distribute all of the remaining principal and undistributed income of this said trust." Upon Zimmerman's death, the trustees are to distribute the *remaining* principal and income.

Additionally, the trust provides that the trustee may apply distributable income and principal for the general welfare of an income beneficiary that is unable to properly administer his or her affairs, and should withhold distributions of principal and income when a beneficiary's interest is threatened and resume the distributions when the threat ceases. Under these provisions, the trustees' authority and duty is ongoing and, therefore,

contemplates distribution of both income and principal to Zimmerman during her life.

The clauses authorizing the trustees to distribute the trust principal to the beneficiaries during Zimmerman's lifetime do not limit the amounts of such payments. The only limits placed on the amount of principal payments apply to distribution at the time of Zimmerman's death. Because Zimmerman, as a beneficiary, is entitled to unlimited payments of principal, the total trust principal is available to her. Thus, the maximum amount of payments that is available to Zimmerman under her trust is the total trust income and principal. Consequently, Zimmerman's trust assets, income and principal, exceed the asset limitation of $2,000 under sec. 49.47(4)(b)3g, Stats. We therefore agree with DHSS that Zimmerman is ineligible for medical assistance.

*By the Court.*—Judgment reversed in part.